*STATE OF MINNESOTA VS. HENRY MILLER.

A new trial is grantable at the instance of the accused in all criminal cases when the evidence was *manifestly* insufficient to warrant the finding of the jury.

The defendant was tried before a Justice of the Peace of Nicollet County for petit larceny, and found guilty. He appealed from the judgment of the Justice to the Nicollet County District Court. Upon a trial in said Court before a jury, the evidence on the part of the prosecution was: That one Long was the owner of a pair of bob sleds, which he took to a shop to have repaired; that sometime from the middle of November to the first of December the repairs were completed and the sled placed outside the shop; that four or five days afterwards it was noticed that one of the sleds was gone; that on or about the 24th of December following the lost sled was found in the yard of defendant near his house.

Defendant produced a witness who testified that sometime from the middle to the last of November in the same year he and Miller were going for loads of firewood, when they met a man who then sold this sled to Miller for $10, and that he afterwards the same day saw the sled delivered and the money paid. He produced two other witnesses who testified that they saw Miller pay over to a man in his house $10, the purchase money for the sled. He also produced a witness who testified that he had known Miller for six years, and that his general reputation for honesty was good.

The jury found the defendant guilty. Defendant moved the Court for a new trial, and in arrest of judgment, which motion

*This case was heard and submitted before Mr. Justice Berry took his seat on the Bench.

was denied, and he was sentenced to pay a fine of $25 and be imprisoned thirty days. Defendant sued out a writ of error and removed the case to this Court.

Cox & GRIFFIN for Plaintiff in Error.

I.—Innocence is presumed until guilt is proven, and when possession of stolen property is relied upon for conviction, possession must be fully proved. 3 *Green. on Ev.*, sec. 29, *note* 5 ; *Id.*, sec. 31. And it must be exclusive. *Id.*, sec. 33. And if there are other inmates of the house capable of the larceny, the evidence is insufficient. · 2 *Starkie on Ev* , 840 ; *Barb. Cr. L.*, 184–5, *ante cited ;* 2 *Arch.*, 369, 3 *note.*

If the article stolen is one of ordinary traffic and commerce, the time between the larceny and the finding must necessarily be very limited. 2 *Arch.*, 369, 2 *note and ante*, 370, 1 *note* (2) ; 2 *Russ. on C.*, 124, *marg ;* 3 *Green. on Ev.*, sec. 32.

II.—This case on the part of prosecution is one of presumption. The defence rebuts, by testimony unimpeached, felonious possession, and gives a reasonable account of such possession. Prosecution must show it to be false. 3 *Greenl. on Ev.*, sec. 32 *and notes.*

Possession need not be proven by positive testimony by defence. 2 *Arch.*, 369, 5 *note* (1). Testimony of one creditable witness is sufficient. 1 *Starkie on Ev.*, 485.

Good character removes presumption of guilt raised by possession of stolen property. *Barb. Cr. L.*, 185 *and ante ;* 2 *Arch.*, 369–4 *and note.*

G. E. COLE for Defendant in Error.

Where there is any evidence in support of the verdict, it has been repeatedly determined that this Court will not disturb it. *Davis vs. Smith,* 7 *Minn.*, 414.

The fact of the possession of the property by the defendant one month after its loss, was not only *some* evidence, but, unexplained,

was conclusive. Whether that possession was satisfactorily accounted for is for the jury to determine in the light of the intrinsic probability of the story, and the appearance and conduct of the witnesses upon the stand. The rule suggested, that when a person in whose possession stolen property is found, gives a reasonable explanation of his possession, it is incumbent upon the prosecution to show the falsity of defendant's account,—has reference to the burden of proof merely; whether the account is reasonable or true, still remain questions for the jury, and upon which their verdict should be conclusive.

*By the Court*—WILSON, C. J.—It was the ancient common law rule that a defendant convicted of *felony* could not for any cause have a new trial; the sole remedy being to apply for a pardon if for any cause the conviction was improper. 1 *Chitty's Cr. Law*, 644, *and cases there cited.*

But in *misdemeanors* it was different. *Rex vs. Maubey*, 6 *T. R.*, 638. This common law rule is not the law with us.

In most if not all of the United States new trials are grantable at the instance of the accused in *all* criminal cases. 1 *Arch. Cr. Prac. and Plead.*, (7th *Ed.*,) 663, *note and cases there cited ;* 2 *Lead. Crim. Cases*, 491–2, *in note and cases there cited.*

This practice we think based on sound principle and consonant to the dictates of justice and humanity. *See People vs. Stone*, 5 *Wend.*, 42.

It is true that the crime charged in this case is not a felony, and the punishment consequent on conviction is usually considered light, but this does not at all affect the principle involved.

The rights of the citizen—the claims of justice, are to be taken into the account in granting a new trial—not the amount of the fine or length of imprisonment. The person who is unjustly convicted of the larceny of one dollar has sustained an irreparable injury. The blot on his reputation is an injury that can never be atoned for or remedied. It does not die with him, but is an inheritable curse which he transmits to his posterity.

That the evidence was insufficient to justify the verdict, is a

ground on which a new trial is often and properly granted.  *See* 1 *Arch. Cr. Prac. and Plead.*, (7 *Ed.*,) 663, *and cases cited in notes.*

We admit that to warrant a new trial in such cases, the evidence must be manifestly insufficient to warrant the finding of the jury, and this reasoning applies *a fortiori* to an appellate court. *See authorities last above cited.*

In this case the evidence of the guilt is the possession by the accused of the stolen property about a month after it was stolen. This perhaps was sufficient to call on him for an explanation of his possession.

This explanation he gave by the testimony of three witnesses that he purchased the stolen property—giving the time and place of purchase and the amount paid.

He also called a witness who testified that his reputation for honesty was good.   How the jury with this evidence before them uncontradicted could find a verdict of guilty, is only to be accounted for by supposing that they forgot the humane maxim of the criminal law, that it is sufficient for the prisoner to raise a reasonable doubt of his guilt.

The verdict is manifestly against the weight of evidence.

New trial granted.